**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland Corporation,<br><br>                         Plaintiff,<br>   vs.<br><br>SAN DIEGO UNIFIED PORT DISTRICT, a California public corporation; TRAYLOR BROTHERS, INC., an Indiana corporation doing business as TRAYLOR PACIFIC; ANCHOR ENVIRONMENTAL, LLC, a Washington limited liability company; and GREENWICH INSURANCE COMPANY, a Delaware corporation,<br><br>                        Defendants. | CASE NO. 09-CV-0872-IEG (POR)<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM FOR NEGLIGENCE**<br><br>**(Doc. No. 28)** |
| SAN DIEGO UNIFIED PORT DISTRICT, a California public corporation,<br><br>                        Counter-Claimant,<br>   vs.<br><br>UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland corporation,<br><br>                        Counter-Defendant. | |

Presently before the Court is plaintiff and counter-defendant United States Fidelity and Guaranty Company's ("USF&G") motion to dismiss the counterclaim for negligence raised by

defendant and counter-claimant San Diego Unified Port District ("Port"). The Port has filed an opposition and USF&G has filed a reply. The Court finds the motion appropriate for submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons explained below, the motion is granted.

## BACKGROUND

USF&G, an insurer, issued a insurance policy to defendant Anchor Environmental ("Anchor"), effective from October 2004 to October 2005, which Anchor renewed for two subsequent years ("Policies"). The Complaint alleges Anchor and the Port contracted for Anchor to provide engineering, environmental, and construction support services for the Campbell Shipyard Aquatic Site Sediment Remediation Project ("Campbell Project"). The contract provided that Anchor would maintain commercial general liability coverage of $2,000,000 and would include the Port, its agents, officers, and employees as insureds.

In June 2006, defendant Traylor Brothers, Inc. ("Traylor") sued the Port in the United States District Court for the Southern District of California ("Traylor Action"), alleging the Port let out to bid a construction project related to the Campbell Project, and the Port awarded the project to Traylor, who was to provide construction labor and materials. Traylor further alleged it completed the project in November 2007, but the Port wrongfully withheld improperly assessed liquidated damages and extra costs from the final payment and refused to award Traylor extra time and additional compensation for extra work required to complete the project. On June 12, 2008 the Port tendered the Traylor Action to USF&G for defense and indemnity, contending it was an additional insured under the Policies issued by USF&G to Anchor.

USF&G agreed to defend the Port on September 19, 2008 under a reservation of rights.[1] USF&G subsequently brought the instant action against the Port, Traylor, Anchor, and XL Insurance

---

[1] "An insurer may agree to defend a suit subject to a reservation of rights. In this manner, an 'insurer meets its obligation to furnish a defense without waiving its right to assert coverage defenses against the insured at a later time.' . . . An insurer can reserve its right to assert noncoverage unilaterally merely by giving notice to the insured. By accepting the insurer's defense under these circumstances, the insured is deemed to have accepted this condition." Blue Ridge Ins. Co. v. Jacobsen, 25 Cal. 4th 489, 497 (Cal. 2001) (citations omitted).

1  America, Inc. on April 29, 2009. (Doc. No. 1.)[2] Specifically, USF&G sued the Port for declaratory
2  relief regarding its duties to defend and indemnify, contending the "professional services exclusion"
3  in the Policies bars coverage for the Traylor Action. USF&G has also sued the Port for reimbursement
4  and indemnity with respect to the defense fees and costs related to the Traylor Action.

5       The Port filed an answer to the complaint on May 29, 2009 denying that the Policies barred
6  coverage for the Traylor Action and denying USF&G's contention that it is not obligated to defend
7  the Port. The answer also contained thirteen affirmative defenses and counterclaims for declaratory
8  relief, negligence, and breach of the covenant of good faith and fair dealing.

9       The counterclaims generally allege that after USF&G agreed to defend the Port in September
10 2008, it informed the Port that USF&G would assign a defense counsel of its choosing and that the
11 Port was not entitled to independent counsel. USF&G assigned the counsel, and the Port discontinued
12 retention of its chosen defense counsel. The Port alleges the USF&G-assigned attorney has reported
13 directly to USF&G's claims adjuster as opposed to reporting to the Port regarding the defense of the
14 Traylor Action. The Port claims that since the assignment of counsel, little, if any defense of the Port
15 has taken place and the Port's defense has consequently been harmed because any opportunity to
16 resolve the Traylor Action "reasonably" has now been lost. Specifically, the Port alleges the parties
17 to the Traylor Action were involved in a mediation process that necessitated some participation by
18 USF&G, but the insurer was unresponsive to numerous requests to participate. Ultimately the Port
19 requested that US F&G assign an adjuster to the file who could handle the mediation and defense
20 issues separately from the adjustor who handled the coverage issues. The Port contends US F&G did
21 not respond to the request, but instead filed the instant coverage action with this Court.

**DISCUSSION**

     USF&G moves to dismiss the Port's counterclaim for negligence under Fed. R. Civ. P.
12(b)(6). The Port's negligence counterclaim states that by agreeing to defend the Port, USF&G had

---

[2] USF&G filed a first amended complaint on July 8, 2009 reflecting the dismissal of defendant XL Insurance America, Inc. and the addition of Greenwich Insurance Company. (Doc. No. 34.) The Port filed an amended answer on July 24, 2009. (Doc. No. 45.) Neither filing affects the Court's analysis of USF&G's motion to dismiss the Port's negligence counterclaim.

a duty to ensure a reasonable defense undertaken by counsel experienced in the subject matter of the litigation. The Port alleges US F&G breached that duty by assigning counsel that was inexperienced in the Traylor Action's subject matter and by controlling the Port's defense in an unreasonable fashion.

I.      Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). A complaint survives a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544, 570 (2007). The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). Notwithstanding this deference, the court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950.

However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (citing Twombly, 550 U.S. at 557).

The Court may deny leave to amend the complaint where a complaint previously has been amended, or where amendment would be futile. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

## II.   Parties' Arguments

USF&G argues the Port may not recover on a negligence theory because under California law the relationship between an insurer and the insured is contractual in nature. USF&G contends it owes no "independent duty" to provide the Port with competent defense counsel. USF&G also states the Port has failed to successfully allege any resulting damages from the alleged negligence.[3]

The Port argues that while USF&G's argument is generally true, the negligence claim is a responsive contention to USF&G's argument that it never had any contractual duty to defend the Port. The Port argues that even if USF&G had no contractual duty to defend the Port, it would still be responsible for any damage to the Port caused by its handling of the Port's defense.

## III.   Analysis

The issue before the Court is whether the Port may pursue a negligence claim against USF&G if the Port is not covered under the Policies. As this action arises under diversity jurisdiction, the substantive law of California applies. St. Paul Fire & Marine Ins. Co. v. Weiner, 606 F.2d 864, 867 (9th Cir. 1979).

### A.   Underlying Law

Under California insurance law, "[t]he duty of an insurer to defend an insured is broader than the duty to indemnify. An insurer may owe a duty to defend where no damages are ultimately awarded . . . . Nevertheless, [the duty to defend] while broad, is not unlimited; where there is no potential for recovery on a covered claim, there is no duty to defend." Reagen's Vacuum Truck Serv. v. Beaver Ins. Co., 31 Cal. App. 4th 375, 384 (Cal. Ct. App. 1994) (citations omitted); see also Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London, 161 Cal. App. 4th 184, 194 n.3 (Cal. Ct. App. 2008) ("Both the duty to indemnify and the duty to defend are in fact dependent on coverage[:] the former

---

[3] Because the unavailability of a negligence claim is dispositive, the Court does not reach the issue of whether the Port has adequately alleged damages.

on actual coverage, the latter on at least potential coverage.") In an insurer's execution of its duty to defend, it "owes the insured a duty to exercise good faith, for the breach of which it is liable in damages." Brown v. Guarantee Ins. Co., 155 Cal. App. 2d 679, 682 (Cal. Ct. App. 1957); see also Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc., 78 Cal. App. 4th 847, 879 (Cal. Ct. App. 2000) (holding "[t]he covenant of good faith and fair dealing implied in every contract assumes peculiar importance in insurance law because it may support the recovery of a tort measure of damages.")

Litigation based on breach of the covenant of good faith and fair dealing is generally referred to as "bad faith" or "insurance bad faith" litigation. 2 Witkin, Summary 10th (2005) Insurance, § 239. Privity of contract is required for a bad faith action against an insurer. Seretti v. Superior Nat'l Ins. Co., 71 Cal. App. 4th 920, 929 (Cal. Ct. App. 1999) ("Whether for better or worse . . . liability for 'bad faith' has been strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship." (citation omitted)). The California Court of Appeal has also held that although case law regarding breach of an insurer's duty to defend "indicated a coalescence of the bad faith and negligence tests . . . we are convinced that *only bad faith* should be the basis of the insured's cause of action. Bad faith may involve negligence, or negligence may be indicative of bad faith, but negligence alone is insufficient to render the insurer liable." Brown, 155 Cal. App. 2d  at 688-689 (Cal. Ct. App. 1957) (emphasis added); see also Christian v. Preferred Accident Ins. Co., 89 F. Supp. 888, 889-890 (D. Cal. 1950) (finding a "good faith" standard, as opposed to a negligence standard, is "the proper one" in determining whether an insurer has complied with its duty to defend); Croskey et al., Cal. Practice Guide: Insurance Litigation  (The Rutter Group 2009) Ch. 11-J, § 205 ("Negligence is not among the theories of recovery generally available against insurers.")

B.     The Port's Theory of Negligence Liability

As noted *supra*, the Port has alleged a bad faith claim against USF&G. However, the Port also argues that it may alternatively bring a negligence claim against USF&G because in the absence of any contractual duty to defend, USF&G is "still responsible for any damage to the Port caused by its

negligent handling of the Port's defense." (Opp. at 2.)

The Port cites only one case in support of its argument that it may assert such a claim: Travelers Ins. Co. v. Lesher, 187 Cal. App. 3d 169 (Cal. Ct. App. 1986). In Lesher, the plaintiff insurer ("Travelers") agreed to defend the defendant ("Lesher") in three lawsuits under a reservation of rights, and subsequently filed an action for declaratory relief regarding its obligation to defend. The trial court ultimately found the insurer had no duty to indemnify or defend the defendant. Id. at 184. Notwithstanding this finding, the defendant filed a counterclaim against the insurer for tortious breach of contract, negligence, and negligent misrepresentation. The jury found against the defendant on the negligent misrepresentation counterclaim, but "expressly found that [the insurer] breached the implied covenant of good faith and fair dealing, wrongfully refused or failed to defend [the defendant/counter-claimant], and violated [Cal. Ins. Code § 790.03]." Id. at 186.

On appeal, the insurer *did not* raise the issue of whether the defendant could, in the absence of a contractual relationship, assert a counterclaim for negligence as a matter of law; nor did the Lesher court expressly recognize the validity such a cause of action. In fact, before deciding the issues on appeal[4] the court stressed in dicta that the legal viability of the defendant's "unique" (Id. at 198) theory was *not* the issue before it, and even noted that there was *no legal support* for such a theory:

> Before we consider Travelers' contentions, we emphasize what is *not* at issue in this appeal. Lesher's theory of liability at trial was not dependent on a determination that Travelers had a duty to defend or indemnify under the terms of the policy. Instead, Lesher's theory was as follows. Despite the coverage dispute, once Travelers undertook Lesher's defense, it was obligated to conduct that defense with the same duty of care as if there were no coverage dispute. If Travelers breached that duty of care, it was liable for all damage to Lesher proximately caused by its acts or omissions, even though there was no actual coverage under the policy. Neither party has cited any case in which liability has been imposed on an insurer under similar facts. Nevertheless, Travelers does not contend that an insured has no cause of action under such circumstances.

Id. at 187 (emphasis in original).

---

[4] On appeal, the insurer contended "(1) there [was] no substantial evidence that its conduct was the proximate cause of damage to Lesher; (2) the instructions given [did] not accurately state the law; (3) probative evidence was excluded and prejudicial evidence admitted; (4) there [was] no substantial evidence justifying the award of punitive damages; and (5) the nonsuit on its claim for fees was improper." Lesher, 187 Cal. App. 3d 169, 186 (Cal. Ct. App. 1986).

Although, as the Port points out, the <u>Lesher</u> court upheld the propriety of a jury instruction that "[u]ntil there is a final adjudication [of an insurer's duty to defend], an insurance company must defend its policyholder with the same degree of care as an insurer who does not contest the existence of its obligation to defend," the court merely confirmed the instruction as proper given that the question before the jury, *under the defendant's untested legal theory*, was "whether the defense which [Travelers] provided was conducted in good faith and due care." <u>Id.</u>  Moreover, although the <u>Lesher</u> court stated the general rule that "the caliber of defense owed by the insurer once the defense is assumed is not affected by the existence of a coverage dispute between insurer and insured," <u>id.</u> at 188, this assertion did not require the <u>Lesher</u> court to rule upon the *separate issue* of whether a non-covered individual could assert a cause of action for negligence against an insurer under California law.

Accordingly, the Court finds that the <u>Lesher</u> opinion does not support or create a cause of action for negligence against an insurer with no contractual duty to defend.  Tellingly, no subsequent case has cited <u>Lesher</u> for the proposition that a party may pursue such a negligence action.  Furthermore, the Port has produced no further authority supporting its theory of liability, and the Court has also not found any support for the theory under California law.

"The task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." <u>Ticknor v. Choice Hotels Int'l, Inc.</u>, 265 F.3d 931, 939 (9th Cir. 2001) (citation omitted).  In executing this task, a federal court is bound by the pronouncements of the state's highest court on state law.  Where, as in this case, the state's highest court has not decided an issue, a federal court sitting in diversity must assess how the state's highest court would resolve it.  In making this inquiry, a federal court must "look to existing state law without predicting potential changes in that law." <u>Id.</u>  Here, because California law has not established the cause of action the Port seeks to assert, the negligence counterclaim is dismissed with prejudice.

///

///

## CONCLUSION

For the reasons stated herein, the Port's counterclaim for negligence is dismissed WITH PREJUDICE.

**IT IS SO ORDERED.**

DATED: September 25, 2009

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**